May Term, 1857.

NUTTER
v.
THE STATE.

Monday,
June 1.

---

## NUTTER *v.* THE STATE.

Monday,
June 1.

APPEAL from the *Union* Court of Common Pleas.

*Per Curiam.*—This was a prosecution for selling lottery tickets.   There was a jury trial; verdict for the state; motion for a new trial overruled; and judgment on the verdict.   In reference to the motion, the record contains the following averment:   "And thereupon the defendant, by

his attorney, moves for a new trial for *reasons verbally stated* to the Court."

The reasons should have been in writing. 2 R. S. p. 119, s. 355.

The record, after setting out certain testimony given on the trial, states as follows: "The whole testimony."

This is insufficient to meet the requirements of rule 30 of this Court. 4 Ind. R. p. ix. The words "the whole testimony" do not repel the presumption of other evidence. *Rader* v. *Barr*, 7 Ind. R. 194. Moreover, no exception appears to have been taken to the rulings of the Court in any mode known to the law. There is, therefore, nothing in the record examinable in this Court (1).

The judgment is affirmed with costs.

*C. H. Test* and *N. Trusler*, for the appellant.

*J. W. Gordon* and *D. C. Chipman*, for the state.

(1) See *post, Jolly et al.* v. *The Terre Haute Bridge Co.*, and cases cited.